**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: Patricia A. Jean-Louis, | : | Case No. 25-13686-DJB |
| | : | |
| Debtor. | : | Chapter 13 |

## MEMORANDUM OPINION

Whether attorneys' fees incurred by one party are a reimbursable "right to payment" from another is an area often raised in law. Bankruptcy is no different. Here, the question presented is whether attorneys' fees, incurred in connection with the preparation and submission of a proof of claim, constitute part of that claim against the chapter 13 debtor. Since they are not authorized by the statute governing the claim, they are not properly allowed under applicable law.

### Facts and Procedural History

The facts of the case are relatively straightforward. Prior to the bankruptcy case, the debtor's real property was sold at a tax sale. Thereafter, the debtor commenced her chapter 13 bankruptcy case and sought to exercise her right of redemption under applicable Pennsylvania law through her chapter 13 plan. The tax sale purchaser prepared a proof of claim, and filed it in the debtor's bankruptcy case. The proof of claim included, among other things, $3,525.00 in attorneys' fees associated with the preparation and submission of the proof of claim (and amended proof of claim). The debtor objected. [Dkt. No. 42] After a response [Dkt. No. 48] and a hearing held [Dkt. No. 50], the Court took the matter under advisement. The matter is now ripe for a disposition. [1]

[1] The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 as incorporated by Federal Rule of Bankruptcy Procedure 9014. The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the Standing Order

## Legal Standard

The Bankruptcy Code provides that a claim is deemed allowed unless a party objects. 11 U.S.C. § 502(a). When a party objects, the Court must determine whether the claim should be "allowed" because the claim is supported by sufficient evidence and law of its validity and amount.

The Supreme Court directs that whoever bears the ultimate burden of proof under applicable non-bankruptcy law on validity or amount bears it in the claim objection process in bankruptcy. See Raleigh v. Illinois Dept of Revenue, 530 U.S. 15, 21 (2000). Therefore, when an objection is interposed, the claimant bears the ultimate burden of proof on the validity and amount of the claim. Id. A right to payment which is not enforceable under applicable non-bankruptcy law cannot be allowed. 11 U.S.C. § 502(b)(1). Therefore, the tax sale purchaser bears the burden of proof - as to the validity and amount - of the claim asserted against the debtor. The debtor did not dispute the "amounts" of the claim as asserted;[2] rather the debtor contends only that attorneys' fees asserted are not recoverable from the debtor, and therefore not

---

of Reference of the Eastern District of Pennsylvania as the matter arises in and/or is related to a case under the Bankruptcy Code. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The matter presented by the Claim Objection is a core matter pursuant to 28 U.S.C. § 157(b)(2)(B). To the extent that the matter is deemed non-core and/or the Court is without constitutional authority to render a final decision on the Claim Objection, the following shall constitute the Court's report and recommendation in accordance with 28 U.S.C. § 157(c).

[2] The tax sale purchaser originally filed Claim No. 12. The debtor objected on several grounds. Thereafter, the tax sale purchaser filed an amended claim – Claim No. 13 – which the Parties stipulated resolved all the objections originally asserted to the tax sale purchaser's claims except as to the entitlement of attorneys' fees. Claim No. 13 is the operative claim (superseding Claim No. 12) and this disposition here addresses the allowance thereof. The debtor did not oppose, and the Court did not resolve, the classification of the Claim as secured, or the tax sale purchaser's rights under § 506(b) of the Bankruptcy Code. This disposition only addresses the "base amount" of the claim asserted.

enforceable under applicable non-bankruptcy law. Because the issue presented is a matter of law, the Court did not, and need not, evaluate the reasonableness of the fees asserted. The only issue is whether the attorneys' fees incurred are recoverable from the debtor under applicable non-bankruptcy law.

Generally, attorneys' fees incurred by one party are not recoverable from another party. The "American Rule" provides that attorneys' fees incurred by a party are borne by the party that incurred them. See Baker Botts LLP v. ASARCO, LLC, 576 U.S. 121, 126 (2015). Attorneys' fees incurred do not become an obligation of the "losing party" unless there is a specific fee shifting provision in an applicable contract or under applicable law. Id. at 126-127; In re Farnese, 17 A.3d 357, 370 (Pa. 2011) ("Pennsylvania adheres to the 'American Rule' which states that litigants are responsible for their own litigation costs and may not recover them from an adverse party 'unless there is express statutory authorization, a clear agreement of the parties, or some other established exception.'") (citations omitted). In order to have attorneys' fees be an allowed portion of a claim, the claimant must show they are allowable under applicable law.

Here, the debtor seeks to redeem property which was sold at a tax sale. The tax sale purchaser filed a claim and included in the claim the attorneys' fees it incurred to review the bankruptcy case, review redemption law, and prepare and submit a proof of claim (and amend it). There is no contract between the parties or other applicable exception. The tax sale purchaser argues the fees are allowable under the Pennsylvania redemption statute. 53 P.S. § 7293(a). Since the tax sale purchaser's claim relies upon the Pennsylvania redemption statute, the Court must construe whether the Pennsylvania redemption statute contains an express provision which would require the debtor to reimburse the tax sale purchaser's attorneys' fees.

The Pennsylvania redemption statute permits a redemption of a property from a tax sale purchaser if the party seeking redemption pays certain enumerated amounts to the tax sale purchaser. In order to exercise a redemption under Pennsylvania law, a redemptor must pay the tax sale purchaser the following amounts:

1. "the amount bid at such sale;
2. the cost of drawing, acknowledging, and recording the sheriff's deed;
3. the amount of all taxes and municipal claims, whether or not entered as liens, if actually paid;
4. the principal and interest of estates and encumbrances, not discharged by the sale and actually paid;
5. the insurance upon the property, . . .
6. other charges and necessary expenses of the property, actually paid, less rents or other income therefrom", and
7. a sum equal to annual interest at the rate of ten percent (10%), from the time of each amounts above were advanced.

53 P.S. § 7293(a)

For a debtor to exercise a redemption, the tax sale purchaser is entitled payment of the costs comprised in those seven (7) categories. See In re Gonzalez, 553 B.R. 511, 513-514 (Bankr. E.D. Pa. 2016). Therefore, to be allowed, the components of the tax sale purchaser's claim must also fall into one of the seven (7) categories. Id.

Noticeably absent from the list categories of amounts comprising the redemption amount to be paid are "defense costs" or general "attorneys' fees incurred by the tax sale purchaser." At oral argument, the tax sale purchaser conceded that the attorneys' fees incurred do not fall within categories 1-5 or 7 above. The tax sale purchaser argues the attorneys' fees incurred fall squarely

in category 6 because they constitute "other charges and necessary expenses of the property, actually paid[.]"

Since the tax sale purchaser relies on the statute, the Court focuses on the statutory language: are the attorneys' fees incurred "necessary expenses of the property, actually paid?" The language of the statute, as written, is not terribly instructive. The plain language does not provide a clear disposition; it simply presents two (2) rhetorical questions: (i) was the expense actually paid?; (ii) if so, was it necessary "of the property"? The first question is easily answered – the parties stipulated the attorneys' fees here were actually paid by the tax sale purchaser. The second is less clear. Are the attorneys' fees "necessary expenses of the property?" Since the plain language of the statute does not lead to a clear result, the Court is left to other interpretative guidance. Here, the Court is guided by cases which have interpreted this statute and its general legislative purpose.

**A. Interpretive Cases Suggest The Attorneys' Fees Here Are Not Necessary Expenses Of The Property**

Many of the cases interpreting the Pennsylvania redemption statute focus on the applicability of that statute to (i) the party seeking the redemption, (ii) whether the request for redemption was timely presented; or (iii) the nature of the property to be redeemed. None of those issues are relevant here and therefore those cases are not informative. The only cases relevant here are those which interpret the computation of the amount to be paid by the redemptor to effect a redemption – and more specifically those cases construing the phrase "necessary expenses of the property." There are only a few.

In In re Gonzales, this court noted that the phrase "necessary expenses of the property" under 53 P.S. § 7293 parallels mortgage provisions which would authorize a lender to make

advances to preserve the value of the property. 553 B.R. at 518, n. 18. Other cases also conclude "necessary expenses of the property" means those expenses expended to make the purchased property "profitable or productive." See, e.g., City of Philadelphia v. Chin, 511 A.2d 214, 216 (Pa. Super. Ct. 1986) (including expenses incurred to make the property habitable in the redemption amount because they improved the value of the property post sale); City of Philadelphia v. Watkins, 494 A.2d 1135, 1139 (Pa. Super. Ct. 1985) (same); see also City of Philadelphia v. F.A. Realty Investors Corp., No. T0093, 2015 Phila. Ct. Com. Pl. LEXIS 63, * 26 (Pa. C.P. (Phila. Cty.) Feb. 2, 2015) (suggesting the requirement to reimburse costs actually outlaid is to prevent the redemptor from unjustly benefiting from improvements made to the property between tax sale and redemption).

This Court has only found two (2) cases involving attorneys' fees and whether they constitute "necessary expenses of the property." In City of Philadelphia v. Novick, cited by the tax sale purchaser here, the court concluded that "costs of eviction" should be included in the redemption amount. 582 A.2d. 1363, 1367 (Pa. Super. Ct. 1990). There, the court reasoned the eviction costs – including attorneys' fees – were a necessary expense of the property because they were incurred to remove a nonpaying possessor and to acquire a new, rent paying tenant in the property. Id. This added value to the property. Id. Further, if the property was redeemed, it would be "more valuable" to the redemptor because of that eviction. Id. Similarly, the court in City of Philadelphia v. Croft included attorneys' fees to prepare and execute a lease for "higher" rent post sale in the redemption amount following the same rationale – the presence of a higher paying tenant on the property would inure to the benefit of the redemptor upon redemption. 74 Pa. D. & C. 175, 176 (Pa. C.P. (Phila. Cty.) 1950).

With these principles in mind, it is difficult to conclude that attorneys' fees incurred by a tax sale purchaser in order to assert its redemption claim would constitute a "necessary expense of the property." There was no evidence that the attorneys' fees preserved or improved the value of the property like all the other cases identified above. In fact, unlike the two (2) cases identified above, none of these attorneys' fees even relate to the property itself. At best, they are the means by which the tax sale purchaser preserved its rights to assert a right to payment in the debtor's case and are more akin to "defense costs".

The Court found no case which discusses the allowance of "defense costs" or fees to dispute the redemption amount during the redemption process under non-bankruptcy law. If the right to "fee shifting" or reimbursement does not exist under operative non-bankruptcy law, the Court cannot allow such fees to be part of the claim in bankruptcy. For those reasons, neither the structure of the statute nor the cases interpreting the statute seem to authorize attorneys' fees associated with the preparation, submission, or amendment of a proof of claim in bankruptcy to be part of the redemption amount.

**B. "Liberal Construction" Does Not Expand To The Attorneys' Fees At Issue Here**

The Pennsylvania redemption statute is among those which should be "liberally construed so as to effect its objective and to promote justice." In re Terry, 505 B.R. 660 (Bankr. E.D. Pa. 2014); City of Philadelphia v. Taylor, 465 A.2d 33, 35 (Pa. Super. Ct. 1983) (citing 1 Pa. Cons. Stat. § 1928(c)). While the Court is guided by a liberal construction of the statute, the unanswered question is: to what purpose? Liberal construction can have alternative meanings depending on which purpose is used to evaluate the statute. Each purpose has an appropriate utility; yet, the Court has not found any cases addressing which "purpose" should be used.

On the one hand, the purpose of the statute could be to facilitate purchases at tax sales and to ensure that tax sale purchasers are fully compensated for all of the expenses associated with the purchase and interim ownership of the property prior to redemption. In that case, "liberal construction" would mean compensating tax sale purchasers for any expenditures they make and would "lose" as a result of the divestiture occasioned by the redemption. See, e.g., City of Philadelphia v. F.A. Realty Investors Corp., 2015 Phila. Ct. Com. Pl. LEXIS at, * 20 (holding that the purchaser is entitled to "full reimbursement" for all expenses actually paid). While this is a possible purpose, the Court has not found cases which generally include tax sale purchaser expenses incurred unless they relate to the property itself. While one can argue that attorneys' fees incurred in preserving a tax sale purchaser's computation of a redemption amount are "incurred," every case identified and reviewed by this Court relate to specific expenses which – in some way or another – preserved or improved the overall value of the property to be redeemed. The attorneys' fees incurred here did not preserve or improve the value of the property; rather they simply offset the expenses the tax sale purchaser had in preserving its rights. The Court has neither found any case nor liberal construction which would reach that far.

On the other hand, if the purpose of the redemption statute is to facilitate a person's opportunity to recover the property sold at tax sale without substantial burden or cost, then "liberal construction" means avoiding unnecessary impediments (or cost) which would preclude former owners from recovering the property sold. The statutory language authorizes redemption even by those lienholders whose rights are similarly divested by the tax sale – in addition to the fee owners. See 53 P.S. § 7293(a). A construction which does not foster the elimination of property rights via tax sale – but incentivizes redemption – is in line with the legislative language used. This court, in In re Gonzales, noted the importance of the redemption statute to preserve a

redemptor's right of ownership. See 550 B.R. 711, 717-718 (Bankr. E.D. Pa. 2016). In In re Gonzales, the court highlighted that redemption permits a former owner to regain all incidents of ownership of a property – including the right of possession to the exclusion of all others. Id. That right is "'one of the most treasured strands in an owner's bundle of rights.'") Id. (citing Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 435 (1982)). Highlighting this effect – regaining the fundamental right of exclusive possession recognized by the Supreme Court – suggests an interpretation favoring redemption. Further, the standard procedure for redemption under applicable non-bankruptcy law seems to presume entitlement to redemption in favor of the redemptor upon presentation of appropriate facts. See, e.g., 53 P.S. § 7293(b). The statute itself utilizes Pennsylvania's "rule" practice. The statute provides plainly upon the presentation of a petition for redemption setting forth the redemptor's readiness to pay the redemption amount, "the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold[.]" This requires the party opposing the relief to show why the relief sought – and the amount alleged – is not appropriate. Id. see also City of Philadelphia v. F.A. Realty Investors Corp,. 95 A.3d 377, 389–90 (Pa. Commw. Ct. 2014). This "presumption" also seems to fall in favor of a ruling which would make redemption more likely – not more expensive.

Finally, a survey of Pennsylvania cases interpreting the redemption statute have broadly interpreted other phrases in the statute to facilitate a party's ability to redeem the property. See, e.g., City of Philadelphia v. Philadelphia Scrapyard Prop., LLC, 132 A.3d 1060 (Pa. Commw. Ct. 2016) (broadly interpreting the phrase "basic family unit" in the statute to permit redemption). These cases reviewed, on the whole, favor an interpretation which promotes redemption. Including extra costs – like the attorneys' fees at issue here – in the redemption

amount would make it more difficult to exercise a right of redemption. Such inclusions would be inconsistent with the interpretations of the statute by courts to date and would frustrate the general purchase of the statute – to facilitate redemptions.

## Conclusion

Here, the attorneys' fees incurred to review a bankruptcy case, review redemption law, and prepare and amend a proof of claim for the redemption amount do not constitute "necessary expenses of the property" within the meaning of 53 P.S. § 7293(a). Since that portion of the Claim is not allowable under applicable non-bankruptcy law, that portion of the Claim is disallowed pursuant to 11 U.S.C. § 502(b)(1). Claim No. 13 is hereby reduced to $50,450.43.

An appropriate order shall issue.

**Date: November 12, 2026**

______________________________
**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**